UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN LAKE,

            Plaintiff,

    v.

RALPH DIAZ, et al.,

            Defendants.

No.  2:20-cv-2077 DB P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening.  For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis and finds plaintiff fails to state any cognizable claims for relief. Plaintiff will be given an opportunity to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

1    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

2    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

4    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

5    1915(b)(2).

6                                              **SCREENING**

7    **I.  Legal Standards for Civil Rights Complaints**

8            The court is required to screen complaints brought by prisoners seeking relief against a

9    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

10   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

11   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

12   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

13   U.S.C. § 1915A(b)(1) & (2).

14           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

15   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

16   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

17   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

18   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

19   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of

20   the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

21   showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

22   the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.

23   544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24           However, in order to survive dismissal for failure to state a claim a complaint must

25   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

26   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

27   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

28   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

1   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

2   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3           The Civil Rights Act under which this action was filed provides as follows:

4                  Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the deprivation

5                  of any rights, privileges, or immunities secured by the Constitution .
               . . shall be liable to the party injured in an action at law, suit in equity,

6                  or other proper proceeding for redress.

7   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

8   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

9   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

10  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

11  1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

12  an act which he is legally required to do that causes the deprivation of which complaint is made."

13  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14  **II.  Analysis**

15      **A.  Allegations of the Complaint**

16      Plaintiff labels his complaint "Emergency Complaint, Preliminary TRO, Injunctive Relief,

17  Mail Room Violations, Release, Covid-19 Pandemic."  Plaintiff is incarcerated at Mule Creek

18  State Prison ("MCSP").  He identifies the following defendants:  (1) Ralph Diaz, Director of the

19  California Department of Corrections and Rehabilitation ("CDCR"); (2) Warden Patrick Covello;

20  (3) Parole Board John Does 1-10; (4) Dr. S.H. Wong-Do; and (5) "AW/ADA" Weiss.

21      Plaintiff checks the boxes for a litany of claims, including denial of basic necessities and

22  medical care and denial of his rights to exercise his religion and access the courts.  In the body of

23  his complaint, however, plaintiff states only that his liberty interest in a parole date under

24  Proposition 57 has been violated.  (ECF No. 1 at 4.)

25      In an attachment to the complaint, which appears to be a letter from plaintiff to

26  "ATTORNEY GENERAL," plaintiff complains that there is a conspiracy at MCSP to deprive

27  him of his legal property, durable medical equipment, personal property, legal mail, and access to

28  the courts.  He states that he saw an officer opening numerous boxes of his legal property in the

1   rain and the officer also returned books plaintiff had received from the LDS Church.  He further

2   complains that in November 2019, in a prior suit filed in this court, Magistrate Judge Newman

3   ordered Deputy Attorney General Monica Anderson to attempt to locate and return to plaintiff his

4   legal property, but he has still not received it.  (ECF No. 1 at 17-18.)

5       Plaintiff also attaches a letter to Ms. Anderson that appears to be on similar subjects,

6   including an allegation that plaintiff has only been able to examine 15 of 44 boxes of his legal

7   materials.  He seeks an injunction requiring Ms. Anderson and the MCSP litigation coordinator to

8   meet with him to go to the property room to locate his legal property, durable medical equipment,

9   and personal property.  (ECF No. 1 at 19-23.)

10      For relief, plaintiff seeks release, medical care, and the right to practice his religion.  (ECF

11  No. 1 at 4.)

12      **B.  Does Plaintiff State Cognizable Claims?**

13       Plaintiff fails to state any claims for relief cognizable under 42 U.S.C. § 1983.  Nor does

14  plaintiff provide any basis upon which this court could recommend preliminary injunctive relief.

15  Plaintiff will be given an opportunity to amend his complaint.  Plaintiff is advised that he must

16  adhere to the following standards for stating claims for relief under § 1983.

17           •   Plaintiff must clearly identify each defendant and describe just what that defendant

18               did that violated his constitutional rights.

19           •   Plaintiff must identify as a defendant only persons who personally participated in a

20               substantial way in depriving plaintiff of a federal constitutional right.  Johnson v.

21               Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

22               deprivation of a constitutional right if he does an act, participates in another's act

23               or omits to perform an act he is legally required to do that causes the alleged

24               deprivation).  "Vague and conclusory allegations of official participation in civil

25               rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268

26               (9th Cir. 1982) (citations omitted).

27           •   The following people are typically not appropriate defendants in a § 1983 action:

28               (1) supervisory personnel, see Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

4

1   (supervisors not liable for the actions of their employees under § 1983; respondeat

2   superior is not a basis for liability); and (2) persons whose only role was reviewing

3   plaintiff's administrative appeals, see George v. Smith, 507 F.3d 605, 609 (7th Cir.

4   2007) (Generally, denying a prisoner's administrative appeal does not cause or

5   contribute to the underlying violation.).

6   • Plaintiff must make a short, plain statement of the facts supporting each claim.

7   See Fed. R. Civ. P. 8(a).

8   • Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P.

9   18(a).  However, he may not bring a claim against one defendant in the same case

10   as an unrelated claim against another defendant.  Unrelated claims against

11   different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607

12   (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).   Simply alleging a "conspiracy" does

13   not transform unrelated claims into related claims.

14   • Any amended complaint must show the federal court has jurisdiction, the action is

15   brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations

16   are true. It must contain a request for particular relief.

17   • An amended complaint must be complete in itself without reference to any prior

18   pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the

19   original pleadings are superseded.

20   • Plaintiff must exhaust his administrative remedies before filing suit.  42 U.S.C. §

21   1997e(a).

22   • If plaintiff is seeking preliminary injunctive relief, he must show:  (1) he is likely

23   to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence

24   of an injunction; (3) the balance of hardships tips in his favor, and (4) an

25   injunction is in the public interest.  See Stormans, Inc. v. Selecky, 586 F.3d 1109,

26   1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7,

27   20 (2008)).  Further, an injunction against individuals not parties to an action is

28   ////

5

1    strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S.

2         100, 110 (1969).

3    •    The proper vehicle for seeking release from custody is a petition for a writ of

4         habeas corpus under 28 U.S.C. § 2254.  Plaintiff is warned that he must exhaust

5         his state remedies before filing any habeas petition in this court. 28 U.S.C. §

6         2254(b).

7         The court is unable to determine just what constitutional claims plaintiff is attempting to

8    assert.  Plaintiff is advised that some issues he appears to raise are not cognizable in this action.

9    First, a claim challenging any rights under Proposition 57 is a state law issue that may not be

10   raised in a § 1983 case.  See Chubbuck v. Brown, No. 2:19-cv-2608 KJM CKD P, 2020 WL

11   4818566, at *2 (E.D. Cal. Aug. 19, 2020); Villegas v. Spearman, No. 2:19-cv-1539 TLN AC P,

12   2020 WL 1865292, at *2 (E.D. Cal. Apr. 14, 2020), rep. and reco. adopted, 2020 WL 3840557

13   (E.D. Cal. July 8, 2020).  Second, claims regarding deprivation of plaintiff's personal property are

14   also state law claims that are not cognizable in § 1983 because plaintiff has an adequate post-

15   deprivation remedy under state law.  See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994)

16   (citing Cal. Gov't Code §§ 810–95).

17        As best this court can tell, plaintiff may be seeking to allege some of the following

18   constitutional claims.  Below is a brief description of the legal standards for these claims:

19   •    To state a claim for denial of the First Amendment right of access to the courts, a

20        prisoner must allege that he suffered an "actual injury" as a result of the

21        defendant's alleged actions, by explaining how the challenged official acts or

22        omissions hindered plaintiff's efforts to pursue a nonfrivolous legal claim.  Lewis

23        v. Casey, 518 U.S. 343, 351-55 (1996).  The right of access to the courts applies to

24        nonfrivolous direct criminal appeals, habeas corpus proceedings, and civil rights

25        actions.  Id. at 353 n.3, 354-55.

26   •    To the extent plaintiff is claiming a defendant interfered with his legal mail, he

27        must show just what the defendant did and explain why the defendant had no

28   ////

6

1      legitimate basis to do so.  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per

2      curiam).

3      • If plaintiff is attempting to state a claim that a public program or service violated

4        the ADA, he must show: (1) he is a "qualified individual with a disability;" (2) he

5        was either excluded from participation in or denied the benefits of a public entity's

6        services, programs, or activities, or was otherwise discriminated against by the

7        public entity; and (3) such exclusion, denial of benefits, or discrimination was by

8        reason of his disability.  McGary v. City of Portland, 386 F.3d 1259, 1265 (9th

9        Cir. 2004).

10     • To state a claim for a violation of the First Amendment right to the free exercise of

11       religion, a prisoner must allege facts showing two things.  First, he must show that

12       he has a sincerely held religious belief.  Second, he must show that a prison

13       official took actions that substantially burdened the practice of this religion.  Jones

14       v. Williams, 791 F.3d 1023, 1031 (9th Cir. 2015); Shakur v. Schriro, 514 F.3d

15       878, 884-85 (9th Cir. 2008).

16     • Allegations of a conspiracy do not, in themselves, state "a constitutional tort under

17       § 1983."  A conspiracy "does not enlarge the nature of the claims asserted by the

18       plaintiff, as there must always be an underlying constitutional violation."  Lacey v.

19       Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc) (citations omitted).

20     Finally, plaintiff is advised that by signing an amended complaint, he certifies he has

21 made reasonable inquiry and has evidentiary support for his allegations, and for violation of this

22 rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R.

23 Civ. P. 11.

24                                    **CONCLUSION**

25     Above, this court finds plaintiff fails to state any claims for relief under 42 U.S.C. § 1983.

26 Plaintiff will be given an opportunity to amend the complaint.

27     In an amended complaint, plaintiff must address the problems with their complaint that are

28 explained above.  Plaintiff is advised that in an amended complaint they must clearly identify

7

1  each defendant and the action that defendant took that violated plaintiff's constitutional rights.

2  The court is not required to review exhibits to determine what plaintiff's charging allegations are

3  as to each named defendant.  If plaintiff wishes to add a claim, they must include it in the body of

4  the complaint.  The charging allegations must be set forth in the amended complaint so

5  defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not

6  provide every detailed fact in support of the claims.  Rather, plaintiff should provide a short, plain

7  statement of each claim.  See Fed. R. Civ. P. 8(a).

8      Any amended complaint must show the federal court has jurisdiction, the action is brought in

9  the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a

10  request for particular relief.  Plaintiff must identify as a defendant only persons who personally

11  participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v.

12  Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

13  constitutional right if he does an act, participates in another's act or omits to perform an act he is

14  legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of

15  official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d

16  266, 268 (9th Cir. 1982) (citations omitted).

17      In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R.

18  Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R.

19  Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

20  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

21      The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

22  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

23  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

24  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

25  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

26  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

27  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

28  ////

8

1   An amended complaint must be complete in itself without reference to any prior pleading.

2   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

3   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

4   evidentiary support for his allegations, and for violation of this rule the court may impose

5   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

6   For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

7   follows:

8      1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

9      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is

10         assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

11         §1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to

12         the CDCR filed concurrently herewith.

13      3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

14      4.  Plaintiff is granted sixty days from the date of service of this order to file an amended

15         complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

16         of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

17         docket number assigned this case and must be labeled "First Amended Complaint;"

18         failure to file an amended complaint in accordance with this order may result in a

19         recommendation that this action be dismissed.

20      5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form

21         used in this district.

22   Dated: November 4, 2020

23

24

25   DLB:9
    DB/prisoner-civil rights/lake2077.scrn LTA

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

26

27

28

9