UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAKE,<br><br>            Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>            Defendants. | No.  2:20-cv-2077 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Before the court is plaintiff's first amended complaint for screening and motion for a preliminary injunction.  For the reasons set forth below, this court will dismiss plaintiff's first amended complaint and permit plaintiff the opportunity to file a second amended complaint.  Further, this court will recommend plaintiff's motion for a preliminary injunction be denied.

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983.  28 U.S.C. § 1915A(a).  The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights.  Monell v. Dept. of Social Servs., 436 U.S. 658

1

(1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## II. Analysis

### A. Allegations of the First Amended Complaint

Plaintiff is incarcerated at Mule Creek State Prison ("MCSP"). He identifies the following defendants: (1) Ralph Diaz, Director of the California Department of Corrections and Rehabilitation ("CDCR"); (2) Warden Patrick Covello; and (3) John Does 1-10.

As he did in his original complaint, plaintiff attempts to assert a wide variety of claims, which are, as best this court can tell, the following: (1) a violation of his due process rights because he was not released due to overcrowding; (2) a violation of his rights to release or to a single cell based on the risks posed by the COVID-19 pandemic because he is elderly and medically high risk; (3) a violation of the Americans with Disabilities Act ("ADA") because he has been deprived of medical appliances; (4) deliberate indifference to his serious medical needs; (5) retaliation from the prison librarian for filing a grievance. And, again, plaintiff states that he is seeking preliminary injunctive relief, but does not identify the relief he seeks.

### B. Analysis

Plaintiff again fails to state any claims for relief cognizable under 42 U.S.C. § 1983. Nor does plaintiff provide any basis upon which this court could recommend preliminary injunctive relief. As plaintiff was informed in the prior screening order, to obtain preliminary injunctive relief, plaintiff must show he is likely to succeed on the merits of his complaint and he is likely to suffer irreparable harm in the absence of an injunction. Plaintiff has established neither requirement here. As stated below, plaintiff fails to show he has any potentially meritorious claims. And, plaintiff not only fails to show he will suffer irreparable harm but also fails to explain just what relief he seeks through an injunction.

The court will again provide plaintiff an opportunity to amend his complaint to state a claim or claims for relief. If he wishes to proceed with this action, plaintiff must do the following.

- First, he must identify a defendant and describe facts showing just what that defendant has done that violates plaintiff's rights. Simply stating that his ADA rights or right to be free of retaliation has been violated is not sufficient.
- Second, plaintiff may bring multiple claims against one defendant. However, he may not bring unrelated claims against more than one defendant. If plaintiff seeks to raise claims against more than one defendant, those claims must arise out of the same set of facts.
- Third, plaintiff must explain how his claims violate the Constitution. As this court explained previously, the following legal standards may be applicable to plaintiff's claims:

Retaliation - To state a claim for retaliation under the First Amendment, plaintiff must state facts showing the following five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted).

Violation of the ADA - If plaintiff is attempting to state a claim that a public program or service violated the ADA, he must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

Violation of the Eighth Amendment - If plaintiff is attempting to allege an Eighth Amendment medical claim, he must show that he had a serious medical need and that a defendant responded to that need with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

3

Finally, plaintiff is advised that if he seeks release from custody, he may only do so through a petition for a writ of habeas corpus. Habeas is the "exclusive remedy" for inmates who seek "'immediate or speedier release'" from confinement. Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)). Additionally, plaintiff may not contest a denial of parole or denial of a motion for compassionate release in federal court. Swarthout v. Cooke, 562 U.S. 216, 219-22 (2011) (a federal court's review of a parole denial is limited to a determination regarding due process procedures rather than whether the decision was correct); Ransom v. Adams, 313 F. App'x 948, 949 (9th Cir. 2009) (affirming dismissal of petitioner's claim that he was entitled to compassionate release because an assertion that state officials failed to follow state law is not cognizable in federal court).

## CONCLUSION

Above, this court finds plaintiff fails to state any claims for relief under 42 U.S.C. § 1983. Plaintiff will be given one more opportunity to amend the complaint. Plaintiff is warned that he should carefully comply with the directives provided in the prior screening order and in this present order.

In an amended complaint, plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of the claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

4

constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's first amended complaint (ECF No. 8) is dismissed with leave to amend.
2. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint;"

////

failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district and to randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 8) be denied because plaintiff fails to demonstrate that his claims are meritorious or that he will be irreparably harmed absent an injunction.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 19, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/lake2077.fac lta